UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISMAIL SHABAZZ,

       Petitioner,

v.                                    Case No. 8:09-cv-240-T-17TGW

SECRETARY DEPARTMENT OF CORRECTIONS,

       Respondent.

_____/

## ORDER

    Ismail Shabazz petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition. Shabazz filed a reply to Respondent's response to the petition.  The timely-filed petition attacks Shabazz's conviction for Robbery with a Firearm in connection with the robbery of July 9, 2001, and Robbery without a Firearm in connection with the robbery of July 14, 2001, arising out of charges filed in the Polk County, Florida, in state circuit case numbers CF01-05208A-XX and CF01- 05209A-XX.

    A review of the record demonstrates that, for the reasons stated below, the petition must be **denied.**

PROCEDURAL HISTORY

    Shabazz was charged by information/amended information with Robbery with a Firearm, and Possession of a Firearm by a Convicted Felon in case CF01-05208A-XX and case CF01-05208A-XX (Ex 1: R127-131). Shabazz successfully moved to sever the Possession of a Firearm by a Convicted Felon count, went to jury trial and was convicted on May 18, 2005 of Robbery with a Firearm in case CF01-05208A-XX and Robbery without

a Firearm in case CF01-05209A-XX (Ex 2: R282-283). The State filed its Notice of Intention to Seek Sentencing as Habitual Offender on May 18, 2005 (Ex 3: R284) and an Amended notice on May 19, 2005 (Ex 4: R292). Shabazz was sentenced on May 20, 2005, to a minimum mandatory term of life imprisonment as a habitual violent felony offender (Ex. 5: R289; R326-333).

Shabazz directly appealed his convictions, filing a Notice of Appeal on June 9, 2005 (Ex 6: R334). Special Assistant Public Defender Jean Marie Henne, Shabazz's appellate attorney, filed an Initial Brief, raising three issues. The State filed its Answer Brief, addressing all issues raised by Shabazz's appellate counsel (Ex. 8, Answer Brief). On July 19, 2006, in Case No. 2D05-3240, the Second District Court of Appeal per curiam affirmed the convictions. (Ex. 9, PCA opinon), *Shabazz v. State*,  934 So.2d 463 (Fla. 2d DCA 2006)[table]. The mandate issued August 9, 2006 (Ex. 10, Mandate).

On August 13, 2007, Shabazz filed a Rule 3.850 motion for postconviction relief. (Exhibit 11). The motion raised two claims alleging ineffective assistance of trial counsel: (1) trail counsel was ineffective under the Sixth and Fourteenth Amendments because trial counsel failed to prepare for trial and failed to timely adopt Shabazz's demand for speedy trial; and 2) trial counsel was ineffective under the Sixth and Fourteen Amendments because trial counsel failed to object to the modification of the court's prior order on the ground of *stare decisis.* (Ex. 11: pp. 3 & 4).

On February 1, 2008, the court issued a written order in which it summarily denied both of Shabazz's claims. (Ex. 12, Order Denying Defendant's Motion for Postconviction Relief). Shabazz appealed the trial court's denial of postconviction relief. On November 19,

2008, the state district court of appeal per curiam affirmed the denial of postconviction relief. *Shabazz v. State,* 997 So.2d 417 (Fla. 2d DCA 2009)[table].

Shabazz signed the present petition on February 6, 2009.

STANDARDS OF REVIEW

AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

### Ground One

SHABAZZ WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE 6TH AND 14TH AMENDMENTS, UNITED STATES CONSTITUTION, BY DEFENSE COUNSEL'S FAILURE TO PREPARE FOR THE MARCH 14, 2005 HEARING AND FAILURE TO TIMELY ADOPT SHABAZZ'S DEMAND FOR SPEEDY TRIAL, EVIDENCING A TOTAL ABANDONMENT OF SHABAZZ AT A CRITICAL STAGE OF THESE PROCEEDINGS.

In support, Shabazz alleges:

Shabazz was denied effective assistance of counsel when trial counsel failed to contact Shabazz, review his case file or prepare for the March 4, 2005 hearing, totally abandoning Shabazz at a critical stage of the proceedings. This total abandonment created a "loophole" for the state to move the court on April 28, 2005 to strike the *pro se* Demand and extend the speedy trial time-frame.

Shabazz raised this claim as ground one in his Rule 3.850 motion.  The trial court, in denying ground one stated:

Regarding claim 1, Defendant alleges that based upon a  visual review of the docket sheet in this matter, as well as an in-court statement by his counsel, Francis Solorzano, to the effect that Solorzano was unsure whether he could adopt Shabazz's demand for speedy trial "at that moment," demonstrates that it is clear that the case was ready for trial, but that Solorzano had failed to prepare therefor.

First, Defendant's contention that ineffective assistance of counsel is evidenced on the face of the docket sheet is without merit.

Second, regarding the contention that the in-court statement is evidence of ineffective assistance of counsel, in his Motion, Defendant himself indicates that just seventeen (17) days after the in-court statement, a different public defender was assigned to his case, who then adopted Defendant's demand for speedy trial and proceeded to provide "competent representation." Motion

- 4 -

at 17. A further review of the transcript of the March 4, 2005 hearing (attached hereto) indicates that Solorzano's statement that, "I'm not in a position to say whether or not we can adopt the demand at this time or not," (Hearing Transcript at 4) was directed at the fact that Defendant filed a pro se demand for speedy trial despite being represented by counsel, and as such, it was not conclusively known by counsel if Defendant intended to proceed pro se. Additionally, the transcript indicated that the hearing was merely continued.

As stated in *Strickland v. Washington*, in order for the Defendant to prevail on a claim of ineffective assistance of counsel, the Defendant must satisfy both prongs of a two-prong test. First, the Defendant must show that counsel's performance fell below an objective standard of reasonableness. Second, the Defendant must show that, but for counsel's unprofessional errors, there is a reasonable probability that the results of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A Defendant must demonstrate that both prongs of the test have been satisfied, otherwise "it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. Id. at 687.

The Defendant has failed to establish that the mere continuance of the March 4, 2005 hearing would have resulted in a different outcome. As such the second prong of the Strickland test is not satisfied and accordingly, claim 1 is DENIED.

(Ex. 12, Order Denying Defendant's Motion for Postconviction Relief)

Ground one has no merit. Shabazz claims that counsel was ineffective for failing to prepare for trial and failing to adopt his pro-se demand for speedy trial which was filed on February 28 2005. In this Petition, Shabazz asserts that there was a "two-year limbo" between January 29, 2003, and February 28, 2005. However, in his Initial Brief of the direct appeal, the following was represented:

A review of the record indicates that the Defendant was taken into custody on August 8, 2001. In 2001 and 2002, the Defendant filed and litigated a Motion to Sever Offenses and a Motion to Suppress Evidence. In 2002, twenty-five depositions were taken and filed with the clerk. Between December 12, 2002 and February 28, 2005, there is no significant record activity in this case. During this time frame, the Defendant was apparently transported to the Palm Beach County Jail.

 (Ex. 6: p. 21, citations to record omitted).

In fact, Shabazz's Department of Corrections' (DOC) Inmate Population Information Detail, downloaded from DOC's website, serves to confirm that Shabazz was laboring under out-of-county charges where he was sentenced on November 20, 2003, and February 25, 2005, for offenses Case that took place in Palm Beach County, Florida. (Ex. 13, Inmate Population Information Detail).  Shabazz's claim that his counsel was ineffective for failing to prepare for trial is factually contradicted; the trial court did not err in concluding that a visual review of the docket sheet is not dispositive on the issue of whether counsel failed to prepare for trial on behalf of Shabazz.

Shabazz also claims that his counsel failed to adopt his pro-se demand for speedy trial. The state postconviction court attached portions of the transcript of the March 5, 2005, hearing, showing this to be untrue. There was an extensive discussion on the record about Shabazz's unavailability for the Polk County case on the date of the hearing due to his out-of- county matters, including Palm Beach County cases, as well as a transport order from Orange County. As a result, defense counsel, Mr. Solorzano expressed that he was unable to decide whether the demand for speedy trial, as filed, should be adopted, and that the matter should be "set over" until Shabazz could appear in court.  The date that the hearing was "set over" was March 30, 2005 (Ex. 12, Order Denying Defendant's Motion for Postconviction Relief & Attachments). As the record clearly refutes the claims in ground one, the claims were properly denied by the state court.

Ground one does not warrant relief.

Ground Two

Shabazz was denied effective assistance of counsel guaranteed by the 6th and 14th Amendment, United States Constitution by defense counsel's failure to object to the *nunc pro tunc* modification of the court's prior order; and Shabazz was denied due process and equal protection guaranteed by the 5th and 14th Amendment, United States Constitution by the court's *nunc pro tunc* striking of this *pro se* Demand.

In support, Shabazz alleges:

Shabazz filed a *pro se* Demand for Speedy Trial which was adopted by trial counsel, and accepted by the court. The time for speedy trial expired and the trial court entered a *nunc pro tunc* order striking the *pro se* Demand, and scheduled the trial beyond the speedy trial deadline. Shabazz's trial counsel objected and filed a petition for writ of prohibition. Shabazz was denied due process and equal protection of law when the trial court entered the *nunc pro tunc* order and forced Shabazz to be placed in jeopardy by commencing a trial in a court that had lost jurisdiction.

Shabazz raised this claim as ground two in his Rule 3.850 motion. The trial court, in denying ground two stated:

Regarding claim 2, Defendant alleges that *stare decisis* precludes any modification of the March 30, 2005 order and trial counsel, Julius Aulisio, was ineffective for failing to object to the alleged modification that occurred on April 28, 2005, when the Court ruled that the Defendant's pro se filing was a nullity until adopted by counsel on March 30, 2005. Defendant alleges that due to this modification, Defendant is entitled to an,"immediate and forever discharge of these cases as the court lost jurisdiction." Motion at 6.

In support of his contention, Defendant claims that during the March 30, 2005 hearing, "the court granted the defense Demand for Speedy Trial" (Motion at 24), and "unconditionally granted the February 28, 2005 demand [for speedy trial]" (Motion at 27). However, these statements are directly refuted by the record. See attachments. At no time did the Court "unconditionally grant" or adopt the February 28, 2005 date of filing, so no "modification" took place during the April 28, 2005 hearing. As such, counsel cannot be deemed ineffective for failing to object. *See Teffteller v. Dugger,* 734 So.2d 1009, 1023 (Fla. 1999)("Trial counsel cannot be deemed ineffective for failing to raise meritless claims or claims that had no reasonable probability of affecting the outcome of the proceeding." ) Additionally, based on these facts, *stare decisis* is inapplicable. Accordingly, claim 2 is DENIED.

- 7 -

(Ex. 12, Order Denying Defendant's Motion for Postconviction Relief)

Ground two has no merit. Shabazz asserts that his counsel was ineffective for failing to object to the court's modification of its prior order of March 5, 2005, at the March 30, 2005, hearing. He contends that the court unconditionally granted his demand for speedy trial at the March 5, 2005 hearing, so that at the subsequent hearing of March 30, 2005, there was a modification of that order. The state postconviction court disagreed, expressing that it never granted Shabazz's demand for speedy trial on March 5, 2005, so there was no prior order to be modified on March 30, 2005 (Ex. 12: pp. 2-3). The state postconviction court attached portions of the transcript of three separate hearings on the same issue to show that Mr. Solorzano did not formally adopt Shabazz's demand for speedy trial until March 30, 2005, when the speedy trial clock then started to run (Ex. 12: transcripts of March 5, and March 30, and April 28, 2005 hearings).

The issue of when the speedy trial clock started to run was fully litigated below, and considered by the Second District Court of Appeal. On April 28, 2005, the trial court held a hearing and entertained arguments by counsel as to whether the clock started to run on February 28, 2005, when Shabazz's pro-se filing was logged by the court, or on March 30, 2005, when his appointed counsel formally adopted his pro-se demand for speedy trial. The court held that the clock started on March 30, 2005, upon formal adoption by counsel of his client's pro-se filing. (Ex. 12, transcript of April 28, 2005 hearing). *Logan v. State*, 846 So. 2d 472, 474 (Fla. 2003)(a defendant does not have a constitutional right to hybrid representation; to be represented both by counsel and by himself); *Mourra v. State*, 884 So. 2d 316 (Fla. 2d DCA 2004) (pleadings filed by a criminal defendant who is represented

- 8 -

by counsel are generally treated as a nullity, unless they include some unequivocal request to discharge counsel) (citing *Lewis v. State*, 766 So. 2d 288, 289 (Fla. 4th DCA 2000)).. Because Shabazz's claim was refuted by the record, the state postconviction court did not err in denying his claims, and the ruling was subsequently upheld by the Second District Court of Appeal. *Shabazz v. State*, 997 So.2d 417 (Fla. 2d DCA 2009)[table].

Ground two does not warrant relief.

## Conclusion

None of the grounds raised by Shabazz are of sufficient merit to justify granting him the relief that he seeks. In order to support a finding that a defendant was denied the effective assistance of counsel, there must be a showing of incompetence along with prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). Neither incompetence nor prejudice has been shown here; consequently, there is no cause for granting Shabazz the relief that he seeks. Further, Shabazz has been unable to show that the state court's decisions were contrary to clearly established case law by the Supreme Court, or alternatively, that the state court's decisions were unreasonable applications of Supreme Court case law. *Bocian v. Godinez*, 101 F.3d 465 (7th Cir. 1996). Consequently, there is no basis for this Court to grant Shabazz's petition.

The arguments Shabazz raises in his reply are not persuasive.

Accordingly, the Court orders:

That Shabazz's petition is denied.  The Clerk is directed to enter judgment against Shabazz and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 27, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Ismail Shabazz